# In the United States Court of Federal Claims

No. 15-371L

(Filed: September 20, 2019)

| | |
|---|---|
| **WAVERLEY VIEW INVESTORS, LLC,**<br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES,**<br>**Defendant.** | Dispute over disclosure of compilation of billing rates; entitlement to confidentiality and protection under RCFC 26(c)(1)(G) |

R. Timothy McCrum, Crowell & Moring LLP, Washington, D.C., for plaintiff.  With him on the briefs was Clifford J. Zatz, Crowell & Moring LLP, Washington, D.C.

Jessica M. Held, Attorney, Natural Resources Section, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C. for defendant.  With her on the brief were Lawrence A. Vandyke, Deputy Assistant Attorney General, Environment & Natural Resource Division, and Lucinda J. Bach, Attorney, Natural Resources Section, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

Pending before the court is plaintiff Waverly View Investors, LLC's ("Waverly's") motion for leave to submit an exhibit to its motion for recovery of attorneys' fees under seal, filed August 8, 2019 ("Pl.'s Mot."), ECF No. 124.  The government has filed an opposition to plaintiff's motion, *see* United States' Resp. to Pl.'s Mot. to File under Seal ("Def.'s Opp'n"), ECF No. 129, and Waverly has filed a reply, *see* [Pl.'s] Reply in Support of its Mot. for Leave to File Exhibit . . . under Seal ("Pl.'s Reply"), ECF No. 130.  A hearing was held on September 18, 2019.

For the reasons stated, Waverly's motion is granted and the exhibit shall be filed, held, and maintained under seal.

### BACKGROUND

The exhibit at issue reportedly sets out hourly billing rates for firms in the Washington D.C. legal market.  Pl.'s Mot. at 1.[1]  The exhibit is relevant to the request for attorneys' fees filed

---

[1]The exhibit is accompanied by the Declaration of Cory Wayne Branden, a representative of Thomson Reuters, which provides the context in which the compilation of billing rates at issue

by Waverly after it prevailed on its claim of a taking in the underlying case involving the continuous presence of an Army-installed gravel access road and pollution monitoring wells after expiration of the parties' right-of-entry agreement.  *See Waverly View Investors, LLC v. United States*, 136 Fed. Cl. 593 (2018), *aff'd*, 767 Fed. Appx. 996 (Fed. Cir. 2019).

The hourly billing rates were compiled by Thomson Reuters and made available to Waverly on a contractual basis.  Waverly contends that the compilation is confidential property of Thomson Reuters and that it seeks to maintain that confidentiality by filing the exhibit under seal.  Pl.'s Reply at 2.  Waverly represents that

> Thomson Reuters contracts with law firms for the collection of myriad financial data and metrics, including billing rates.  It then packages and sells the information it has collected to other law firms, who must themselves agree to provide Thomson Reuters their own financial data.  Other law firms that agree to provide Thomson Reuters with their financial information can access Thomson Reuters' data concerning other law firm rates.

*Id*.  In this instance, the Thomson Reuters data reflects billing rates from six peer law firms: Crowell & Moring, Akin Grump, Arent Fox, Arnold & Porter Kaye Scholer, Pillsbury Winthrop Shaw Pittman, and Steptoe & Johnson.  Branden Decl. ¶ 5.  Mr. Branden states that "[t]hese law firms were identified as Crowell & Moring's peers because, like Crowell [&] Moring, they are D.C.-based, AMLaw 100 firms."  Id. ¶ 6.  The table of rates separates attorneys by partner or associate and lists the rates by 25th percentile, median, and 75th percentile.  Hr'g Tr. 26:10-13.

## STANDARDS FOR DECISION

Rule 26(c) of the Rules of the Court of Federal Claims ("RCFC") governs protective orders.  A strong presumption favors public access to court proceedings.  *See In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011).  "This presumption applies to materials submitted to the court in all civil adjudicatory proceedings."  *AmerGen Energy Co., LLC by and through Exelon Generation Co., LLC v. United States*, 115 Fed. Cl. 132, 136 (2014) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *Rushford v. New York Magazine*, 846 F.2d 249, 252 (4th Cir. 1988); *Republic of Philippines v. Westinghouse Elec.*

---

was developed.  *See* Decl. of Cory Wayne Branden (Aug. 2, 2019) ("Branden Decl."), ECF No. 123-7.

The compilation of rates has not actually been filed with the court, pending resolution of the motion for leave to file the compilation under seal.  Hr'g Tr. 10:18 to 11:12 (Sept. 18, 2019) (the date will be omitted from further citations to the hearing transcript).  A copy of the compilation had been provided to government counsel, *see* Hr'g Tr. 10:18-21, 27:1-2, and it was examined by the court *in camera* at the hearing, *see* Hr'g Tr. 26:20-25, 27:3-7.

*Corp.*, 949 F.2d 653, 661 (3d Cir. 1991); *Pratt & Whitney Canada, Inc. v. United States*, 14 Cl. Ct. 268, 273-74 (1988)).  Even so, under RCFC 26(c)(1)(G), the court may "require[] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[2]  The burden of proof for a protective order under RCFC 26(c)(1) is on the moving party.  *See In re Violation of Rule 28(d)*, 635 F.3d at 1357.  In ruling on confidentiality, "the court must balance the public's interest in access against any putative private interest in maintaining the confidentiality of the information in question."  *AmerGen Energy*, 115 Fed. Cl. at 137; *see also Lockheed Martin Corp. v. United States*, No. 15-1536C, 2016 WL 462865 (Fed. Cl. Feb. 5, 2016).

## ANALYSIS

Waverly contends that the compilation of billing rates constitutes confidential commercial information entitled to protection against disclosure under RCFC 26(c)(1)(G).  Pl.'s Mot. at 1-2.  The government's opposition emphasizes the strong presumption of public access to court proceedings, *see* Def.'s Opp'n at 4 (citing *In re Violation of Rule 28(d)*, 635 F.3d at 1356), and contends that Waverly has not met its burden of proof under RCFC 26(c)(1), *id*.  In the government's view, "[b]illable rate comparisons or surveys . . . are not properly classified as confidential business information or trade secrets."  *Id*.  The government contends that Thomson Reuter's compilation consists of "law firms' self-reported data, and is available for purchase by anyone willing to pay the price—including competitor law firms."  *Id*. at 5.

In further support, the government cites *Baker v. United States*, 136 Fed. Cl. 162 (2018), where the court rejected an effort by plaintiffs to file under seal an exhibit to their motion for attorneys' fees that contained "billing rates that various firms, including plaintiffs' counsel's firm . . . reported to the National Law Journal and Pricewaterhouse Coopers voluntarily."  *Id*. at 163.  The court in *Baker* concluded that the rate compilation in that case was not confidential but rather set out only "self-reported billing rates . . . easily obtained from public sources."  *Id*.  The court also concluded that no harm to the law firm would arise from disclosing the data on rates "in the public record."  *Id*. at 164.  Thus, there was no private harm through disclosure that would overcome the presumption that weighs in favor of public access.  *Id*.

Waverly responds that *Baker* is distinguishable because the billing information in that case was "easily obtained from public sources" including the National Law Journal.  Pl.'s Reply at 3 (quoting *Baker*, 136 Fed. Cl. at 163).  In contrast, Waverly asserts that "[o]nly law firms that participate in–and pay for–Thomson Reuters' platform can access the[ir] data."  *Id*.  In that respect, Waverly contends that there is no public source for the Thomson Reuters data because it is collected "directly from law firms' billing systems," *id*. at 4, "unlike the self-reported data provided to the National Law Journal in *Baker*," *id*. (internal quotation marks omitted).  Waverly

---

[2]RCFC 26(c)(1)(G) is identical to Fed. R. Cir. P. 26(c)(1)(G), and both rules should be construed *in pari materia*.

3

represents that Thomson Reuters' compilation "is uniquely valuable because it provides an unvarnished look at the rates law firms actually billed." *Id.*[3]

The government avers that a ruling on the issue presented in this action "will provide guidance in future cases," Def.'s Opp'n at 3, noting that "[t]he selection of hourly rates to be used in determining a reasonable fee award is a recurring issue in Fifth Amendment takings cases," *id*.

The issue in this dispute is a close one because the public's right to access to court records is strong. *See In re Violation of Rule 28(d)*, 635 F.3d at 1357; *see also Sikorsky Aircraft Corp. v. United States*, 112 Fed. Cl. 313, 316 (2013). Nonetheless, the court finds that the Thomson Reuters' compilation to be provided by Waverly in connection with the present claim for attorneys' fees constitutes proprietary and confidential commercial information that is deserving of protection under RCFC 26(c)(1)(G). *See Carpenter v. United States*, 484 U.S. 19, 26 (1987) ("Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit."). The factor distinguishing this case from *Baker* is the nature of the rate information Thomson Reuters uses in its compilation. Rather than gathering firm-reported billing rates that might be publicly available, Thomson Reuters appears to have direct access to law firms' billing systems and relies on actual rates charged to clients. The compilation is also subject to a contractual pledge of confidentiality. Hr'g Tr. 27:14-23. The court is therefore satisfied that the resulting data Thomson Reuters compiles are not in the public domain and are available only under a commercial contract that requires confidentiality. Waverly has met its burden of proof to justify a protective order in accord with RCFC 26(c)(1)(G).

## CONCLUSION

Waverly's motion for leave to file exhibit to motion for recovery of attorneys' fees is GRANTED, and the exhibit shall be filed, held, and maintained under seal.

It is so **ORDERED**.

s/Charles F. Lettow
Charles F. Lettow
Senior Judge

---

[3]For access to the data, Crowell & Moring pays "a substantial annual fee [to Thomson Reuters] and all the other firms do as well." Hr'g Tr. 28:2-3. Thomson Reuters installs software on the law firm's billing systems, and the resulting compilation reflects "pricing information directly from law firms' billing systems," Hr'g Tr. 25:9-10 (quoting Branden Decl. ¶ 4), "without any redaction," Hr'g Tr. 25:13.